UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO HENRIQUE VIEIRA PEREIRA,
A-245-765-884,

        Petitioner,

   v.

MOISES BECERRA, et al.,

        Respondents.

No. 1:26-cv-00040 DAD AC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through counsel, has filed a second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.     Factual Background

Petitioner is a native and citizen of Brazil who entered the United States on or about January 18, 2024. ECF No. at 16 at 2, 4. Respondents have submitted an I-213 form for petitioner that reflects that he was encountered by a Border Patrol agent on January 26, 2024. ECF No. 9-1 at 1. Petitioner asserts that he was released from custody on or about January 27, 2024, on an order of release on recognizance, which respondent does not dispute. ECF No. 16 at 2, 4, 8. On August 20, 2025, petitioner was taken into custody by Immigration and Customs Enforcement (ICE) at the immigration court in Buffalo, New York. Id. at 2; ECF No. 9-1 at 2. He was not provided any notice identifying the factual basis for his re-detention or an opportunity

1

to contest his re-detention before a neutral adjudicator.  ECF No. 16 at 18.  Petitioner has no known criminal history (id. at 2, 4; ECF No. 9-1 at 2), and there is no indication that petitioner did not comply with the conditions of his release.

II.    Procedural History

On April 7, 2026, petitioner, proceeding through counsel, filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by the DHS.  ECF No. 16.  The petition asserts five grounds for release, including that petitioner's re-detention without a pre-deprivation hearing violated his due process rights.  Id. at 17-21.  Respondents were directed to respond to the petition and required to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  ECF No. 17.  Respondents filed a response stating that they "do not identify substantive differences in factor law that distinguish this case from the decisions identified in the Court's minute order."  ECF No. 18.  Respondents nonetheless argued, through incorporation of their responses to the original and first amended petitions that petitioner's due process rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Id. (incorporating ECF Nos. 9, 14).

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

////

IV.    <u>Discussion</u>

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in <u>Ayala Cajina</u>, 2025 WL 3251083; <u>O.A.C.S.</u>, 2025 WL 3485221, or any other cases previously decided by this court.  Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in <u>Ayala Cajina</u> and <u>O.A.C.S.</u> and finds that due process was violated by petitioner's re-detention without a hearing before a neutral adjudicator at which the government would be required to justify his re-detention by clear and convincing evidence.  Because relief is appropriate on this claim, the court declines to address petitioner's other claims, as they seek the same or similar relief (<i>i.e.</i>, petitioner's immediate release).

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's second amended petition for writ of habeas corpus (ECF No. 16) be GRANTED, as follows:

   a. Respondents shall IMMEDIATELY RELEASE petitioner Pedro Henrique Vieira Pereira, A-245-765-884, with the same conditions he was subject to immediately prior to his detention on August 20, 2025.  At the time of release, respondents must return all of petitioner's documents and possessions.

   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

   d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

3

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his March 31, 2026 detention.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 12, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE